# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VERNON CHARLES PATTON, | ) |
| Petitioner, | ) |
| | ) No. 2:19-cv-02344-TLP-tmp |
| v. | ) |
| FLOYD BONNER, Shelby County Sheriff, | ) |
| Respondent. | ) |

## ORDER GRANTING MOTION TO DISMISS, DISMISSING § 2241 PETITION WITHOUT PREJUDICE, DENYING PENDING MOTIONS AS MOOT, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Vernon Charles Patton[1] petitioned pro se for writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Respondent Shelby County Sheriff Floyd Bonner then moved to dismiss.  (ECF No. 18.)  Petitioner timely responded (ECF No. 19) and filed an addendum to that response (ECF No. 20).  Respondent timely replied (ECF No. 21), and Petitioner filed a sur-reply (ECF No. 22).  For the reasons stated below, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition without prejudice.  As the Court is dismissing the petition, the Court **DENIES AS MOOT** all other pending motions.  (ECF Nos. 6, 13, 23, 26, 32, 36, 39, 40, 43, 44, 47 & 57.)

---

[1] Patton is a state pretrial detainee, booking number 17156195, at the Shelby County Criminal Justice Complex ("the Jail") in Memphis, Tennessee.

## THE HABEAS PETITION

Petitioner moved for habeas relief pro se under § 2241 about his Shelby County Criminal Court Indictment, No. 18-01030.[2] (*See* ECF No. 1 at PageID 1; *see also*, ECF No. 18-1.)[3] Petitioner alleges the following:

1. A Second Amendment violation of his individual right to possess a firearm and use it in traditionally lawful purposes (*id.* at PageID 2–3);

2. Fourth Amendment violations because:

   a. there was no physical evidence, including DNA evidence, to show that a rape or sexual contact occurred on June 20, 2017 (*id.* at PageID 3);

   b. the alleged victim changed her story, at first stating that there was no sexual contact of any kind; then that Petitioner raped her and she was not a virgin then; then that Petitioner raped her at gunpoint and took her virginity; and finally that he threatened to kill her and her family if she told anyone (*id.*);

   c. Petitioner has a handgun license, but the search warrant and affidavit state that he possessed a firearm illegally (*id.* at PageID 3–4);

   d. there was no probable cause for his arrest and the charges of aggravated rape were based on false allegations (*id.* at PageID 4);

   e. there was active malicious suppression of the victim's statement exculpating Petitioner and false assertions that his possession of a firearm was illegal (*id.* at PageID 5–6); and

   f. the State has no inherent and inalienable right to arrest, charge, indict, and convict Petitioner in spite of exculpatory evidence, valid determinations of probable cause, or proof that a crime has been committed (*id.* at PageID 6–9);

3. Lack of subject matter jurisdiction (*id.* at PageID 9);

---

[2] In 2018, a Shelby County Grand Jury indicted Petitioner, charging him with aggravated rape. *See* https://cjs.shelbycountytn.gov/CJS/Home/ (Case No. C1708454, C1801397) (last accessed Apr. 27, 2020). He has a trial date set for September 8, 2020. *Id.*

[3] This Court had denied Petitioner habeas relief for failure to exhaust available state remedies. (*See* ECF No.1-2; *see also* Civ. No. 2:18-cv-02377-TLP-tmp, ECF No. 8.)

> 4. Undue trial delay in violation of the Sixth Amendment right to a speedy trial (*id.* at PageID 9–13).

Petitioner seems to want this Court to dismiss his indictment as the remedy for the alleged constitutional violations. (*Id.* at PageID 14.) As explained below, this Court cannot grant him that relief.

## ANALYSIS OF PETITIONER'S CLAIMS

Respondent correctly points out that federal interference in state proceedings is only warranted in extraordinary circumstances where the petitioner has exhausted his available state court remedies. (ECF No. 18 at PageID 119.) Respondent contends that Petitioner has failed to exhaust his claim and that he must first resolve these issues at a trial on the merits. (*Id.*; *see* ECF No. 21 at PageID 187.) And Respondent notes that Petitioner's petition is an effort to abort the state proceedings and disrupt the orderly functioning of the state judicial process, so this Court should dismiss it. (ECF No. 18 at PageID 120–21.)

Federal courts have authority under 28 U.S.C. § 2241(c)(3) to issue writs of habeas corpus for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" But a federal court may not issue a writ of habeas corpus about a pending state criminal prosecution except in extraordinary circumstances. *See, e.g.*, *Younger v. Harris*, 401, U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1884); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). "'Extraordinary circumstances' [must] render the state court incapable of fairly and fully adjudicating the federal issues before it[.]" *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

For example, the Sixth Circuit has recognized a state prisoner's attempts to seek a speedy trial as one of those exceptional circumstances allowing for relief under § 2241. *Atkins v. People*

*of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981); *see Kanerva v. Zyburt*, No. 2:19-CV-225, 2019 WL 6974736, at *2 (W.D. Mich. Dec. 20, 2019).  Still, a federal court should abstain from exercising jurisdiction over a speedy trial claim unless the prisoner has first exhausted the claim in state court.  *Atkins*, 644 F.2d at 546–48; *Anglin v. Breckenridge Circuit Court*, No. 3:11CV-P220-H, 2011 WL 1750787, at *1 (W.D. Ky. May 6, 2011).  The petitioner must "fairly present" each claim to all levels of state court review, including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), unless the state has explicitly disavowed state supreme court review as an available state remedy, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

The petitioner bears the burden of showing that he has exhausted his state remedies.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Exhaustion of state court remedies is "especially forceful" with a right to a speedy trial violation, given that the relief granted—dismissal of the case—"could not be more disruptive of pending state actions."  *Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019).

If a federal court finds that a state has violated a pretrial detainee's right to a speedy trial, the most common relief is an order forcing the State to bring him to trial rather than dismissal.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."); *Atkins*, 644 F.2d at 547–48; *see Smith*, 2019 WL 5608064, at *2 ("[T]he district court properly denied relief to the extent that Smith sought to dismiss the state charges outright.").

What is more, criminal defendants in Tennessee have no right to take interlocutory appeals on speedy trial motions. *State v. Hawk*, 170 S.W.3d 547, 548 (Tenn. 2005) ("We also hold that the defendant is not entitled to seek interlocutory review of the trial court's order rejecting her alleged Sixth Amendment speedy trial violation."). "The merits of a defendant's speedy trial claim can be best evaluated if raised on direct appeal following a conviction." *Id.* at 555. When a defendant has no right to appeal a pretrial order denying his claim of a right to speedy trial, the denial of that motion does not constitute a ruling that would show exhaustion of his constitutional claim. *See Moore v. DeYoung*, 515 F.2d 437, 444–45 (3d Cir. 1975) ("This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review.").

Although Petitioner has complained to the Tennessee Board of Professional Responsibility and tried to appeal to the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court, he has not shown that he exhausted all state remedies and state corrective processes to protect his constitutional rights. (*See* ECF No. 21 at PageID 187–88.) This is mainly because he must first confront these accusations at trial. The Tennessee Court of Criminal Appeals noted that Petitioner has not gone to trial for this offense so there is no available judgment for him to challenge. (ECF No. 1-4 at PageID 25.) And that court noted that "Habeas Corpus is not available as a substitute for trial." (*Id.*) This shows that Petitioner failed to exhaust his remedies in the state's judicial process.

Petitioner's case is set for trial. So he can resolve the issues he presents in this federal habeas petition at trial. And so he has failed to exhaust available state remedies. What is more, Patton does not seek an order forcing the State to bring him to trial. Instead, he seeks dismissal of his indictment, a form of relief which this Court cannot grant.

For these reasons, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Petitioner's § 2241 petition. This Court will enter Judgment for Respondent.

## **APPELLATE ISSUES**

A district court has to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253(a) and (c)(2); *see* Fed. R. App. P. 22(b). Under 28 U.S.C. § 2253(c)(1)(A), unless this Court issues a COA, Petitioner may not appeal here. *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005). The Court may only issue a COA if the petitioner makes a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). The petitioner makes a "substantial showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).

Here, there can be no question that Petitioner has failed to exhaust his state remedies. So any appeal here is baseless. Because any appeal on the issues raised in this § 2241 Petition do not deserve attention, the Court **DENIES** a COA.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. That said, if the

district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the prisoner must file the motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). For the same reasons this Court denies a COA, the Court holds that an appeal here would not be taken in good faith. The Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.[4]

## CONCLUSION

For the reasons above, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition without prejudice. And as the Court is dismissing the petition, the Court **DENIES AS MOOT** all other pending motions. (ECF Nos. 6, 13, 23, 26, 32, 36, 39, 40, 43, 44, 47 & 57.) And the Court DENIES a COA, **CERTIFIES** that an appeal would not be taken in good faith, and **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 28th day of April, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis along with a supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).